UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.: _____

| | |
|---|---|
| BRYANT MAGANA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| GR OPCO, LLC d/b/a E11EVEN MUSIC, | ) |
| LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## **COMPLAINT**

The Plaintiff BRYANT MAGANA (the "Plaintiff") sues the Defendant GR OPCO, LLC d/b/a E11EVEN MUSIC, LLC (the "Defendant"), and alleges:

1.       This action involves the application of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq*. ("FMLA").

2.       The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(3) and (4) and 28 U.S.C. § 2617.

3.       The Defendant is a corporation duly authorized and existing under the laws of the State of Florida and conducting business in Miami-Dade County, Florida.

4.       Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.

5.       Plaintiff is a covered employee for purposes of the FMLA.

6.       The acts or omissions giving rise to this Complaint occurred in whole or in part in Miami-Dade County, Florida.

7.      Venue is proper under 28 U.S.C. § 1391(b) because the acts complained of occurred within this judicial district and because Defendant has its principal place of business within the district, reside in the judicial district and because the employment records of Plaintiff are stored or have been administered, in Miami-Dade County, Florida.

8.      At all times material, Plaintiff was employed by Defendant as a cook until his wrongful termination on or about December 27, 2021.

9.      Plaintiff performed his work admirably and was revered by his colleagues with whom he worked.

10.     Since at least March 6, 2019, Plaintiff performed his duties as a cook in a satisfactory manner.

11.     On or about Friday, December 10, 2021, Plaintiff began feeling terribly ill at work and experienced Covid-type symptoms.

12.     On or about Sunday, December 12, 2021, still experiencing some Covid-type symptoms, Plaintiff went to get tested for Covid-19.

13.     On or about Monday, December 13, 2021, Plaintiff tested positive for Covid-19. He immediately contacted his manager, Reggie (ULN) and him about being positive for Covid-19.

14.     In response, Manager Reggie (ULN) ordered Plaintiff to quarantine. Plaintiff replied that he would report back to work as soon as he felt better and as long as he tested "negative" for Covid.

15.     Plaintiff quarantined for approximately two weeks, undergoing severe Covid symptoms.

16.     Finally, after testing negative for Covid, Plaintiff contacted his manager, Reggie (ULN) and stated that he was ready and able to go back to work.

17.     In response, Manager Reggie (ULN) told Plaintiff that he was no longer needed and that Plaintiff had been replaced.

18.     All conditions precedent to bringing this action have occurred, been performed or been excused.

19.     The Plaintiff has retained the undersigned counsel in order that his rights and interests may be protected. The Plaintiff has become obligated to pay the undersigned a reasonable attorneys' fee.

## COUNT I: INTERFERENCE (FAILURE TO PROVIDE INFORMATION) – FMLA

20.     Plaintiff re-alleges and incorporates paragraphs 1-19.

21.     At all times material to this Complaint, Plaintiff was an "eligible employee" as defined by the FMLA, 29 U.S.C. § 2611(2)(A).

22.     Plaintiff worked for Defendant for at least 12 months before the date any FMLA leave was to begin.

23.     Plaintiff worked for Defendant for at least 1,250 hours during the 12-month period before the date any FMLA leave was to begin.

24.     Covid is a serious medical condition. Plaintiff had Covid at all times relevant.

25.     Plaintiff was entitled to FMLA leave when he first advised Defendant that he had tested positive for Covid.

26.     When Plaintiff had Covid, this illness prevented Plaintiff from performing the functions of his job.

27.     At all times material, Defendant was an "employer" as defined by 29 U.S.C. § 2611(4).

28.     Defendant was both engaged in commerce or in an industry or activity affecting commerce and employed more than 50 employees for each working day during each of 20 or more calendar weeks in each calendar year relevant hereto.

29.     Plaintiff was an "eligible employee" and entitled to leave under the FMLA.

30.     At all times material, Plaintiff gave proper notice to Defendant by informing Defendant of his serious medical condition.

31.     Plaintiff provided enough information for Defendant to know that his potential leave may be covered by FMLA.

32.     Defendant was aware that Plaintiff was unable to work due to his medical condition.

33.     Despite its knowledge of Plaintiff's medical condition, Defendant failed to notify Plaintiff of his eligibility status and rights under the FMLA and failed to notify Plaintiff whether his leave was or could be designated as FMLA leave.

34.     Instead of informing Plaintiff of his rights, Defendant terminated Plaintiff for no cause.

35.     When Defendant failed to notify Plaintiff if his right to take FMLA leave, Defendant interfered with Plaintiff's rights to take leave under the FMLA and denied him the benefits to which he was entitled.

36.     As a result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

   a.   Enter judgment in Plaintiff's favor and against Defendant for its violations of FMLA;

   b.   Award Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, lost future earnings capacity;

c.  Award Plaintiff liquidated damages based on Defendant's conduct;

d.  Award Plaintiff prejudgment interest on his damages award;

e.  Award Plaintiff reasonable costs and attorney's fees;

f.  Award Plaintiff any further relief pursuant to the FMLA; and,

g.  Grant Plaintiff such other and further relief as this Court deems equitable and just.

## COUNT II: INTERFERENCE (TERMINATION) – FMLA

37.  Plaintiff re-alleges and incorporates paragraphs 1-19.

38.  At all times material to this Complaint, Plaintiff was an "eligible employee" as defined by the FMLA, 29 U.S.C. § 2611(2)(A).

39.  Plaintiff worked for Defendant for at least 12 months before the date any FMLA leave was to begin.

40.  Plaintiff worked for Defendant for at least 1,250 hours during the 12-month period before the date any FMLA leave was to begin.

41.  Covid is a serious medical condition. Plaintiff had Covid at all times relevant.

42.  Plaintiff was entitled to FMLA leave when he first advised Defendant that he had tested positive for Covid.

43.  When Plaintiff had Covid, this illness prevented Plaintiff from performing the functions of his job.

44.  At all times material, Defendant was an "employer" as defined by 29 U.S.C. § 2611(4).

45.  Defendant was both engaged in commerce or in an industry or activity affecting commerce and employed more than 50 employees for each working day during each of 20 or more calendar weeks in each calendar year relevant hereto.

46.  Plaintiff was an "eligible employee" and entitled to leave under the FMLA.

47.     At all times material, Plaintiff gave proper notice to Defendant by informing Defendant of his serious medical condition.

48.     Plaintiff provided enough information for Defendant to know that his potential leave may be covered by FMLA.

49.     Defendant was aware that Plaintiff was unable to work due to his medical condition.

50.     On or about December 27, 2021, Defendant terminated Plaintiff.

51.     By terminating Plaintiff, Defendant interfered with Plaintiff's rights to take leave under the FMLA and denied him the benefits to which he was entitled.

52.     As a result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

a.   Enter judgment in Plaintiff's favor and against Defendant for its violations of FMLA;

b.   Award Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, lost future earnings capacity;

c.   Award Plaintiff liquidated damages based on Defendant's conduct;

d.   Award Plaintiff prejudgment interest on his damages award;

e.   Award Plaintiff reasonable costs and attorney's fees;

f.   Award Plaintiff any further relief pursuant to the FMLA; and,

g.   Grant Plaintiff such other and further relief as this Court deems equitable and just.

## COUNT III: RETALIATION (FMLA)

53.     Plaintiff re-alleges and incorporates paragraphs 1-19.

54.     At all times material to this Complaint, Plaintiff was an "eligible employee" as defined by the FMLA, 29 U.S.C. § 2611(2)(A).

55.    Plaintiff worked for Defendant for at least 12 months before the date any FMLA leave was to begin.

56.    Plaintiff worked for Defendant for at least 1,250 hours during the 12-month period before the date any FMLA leave was to begin.

57.    Covid is a serious medical condition. Plaintiff had Covid at all times relevant.

58.    Plaintiff was entitled to FMLA leave when he first advised Defendant that he had tested positive for Covid.

59.    When Plaintiff had Covid, this illness prevented Plaintiff from performing the functions of his job.

60.    At all times material, Defendant was an "employer" as defined by 29 U.S.C. § 2611(4).

61.    Defendant was both engaged in commerce or in an industry or activity affecting commerce and employed more than 50 employees for each working day during each of 20 or more calendar weeks in each calendar year relevant hereto.

62.    Plaintiff was an "eligible employee" and entitled to leave under the FMLA.

63.    At all times material, Plaintiff gave proper notice to Defendant by informing Defendant of his serious medical condition.

64.    Plaintiff provided enough information for Defendant to know that his potential leave may be covered by FMLA.

65.    Defendant was aware that Plaintiff was unable to work due to his medical condition.

66.    On or about December 27, 2021, Defendant terminated Plaintiff.

67.    Defendant terminated Plaintiff following his request to take FMLA.

68.     Defendant has intentionally engaged in unlawful employment practices in violation of the FMLA, by retaliating against Plaintiff for having taken leave.

69.     Plaintiff's medical leave request pursuant to the FMLA was a direct and proximate cause of his termination.

70.     As a direct and proximate result of the intentional violations by Defendant of Plaintiff's rights under the FMLA, by retaliating against him by terminating his employment for requesting and taking FMLA medical leave, Plaintiff has been damaged in that Plaintiff lost, inter alia, wages, other compensation, and benefits.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

    a.   Enter judgment in Plaintiff's favor and against Defendant for its violations of FMLA;

    b.   Award Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, lost future earnings capacity;

    c.   Award Plaintiff liquidated damages based on Defendant's conduct;

    d.   Award Plaintiff prejudgment interest on his damages award;

    e.   Award Plaintiff reasonable costs and attorney's fees;

    f.   Award Plaintiff any further relief pursuant to the FMLA; and,

    g.   Grant Plaintiff such other and further relief as this Court deems equitable and just.

### JURY TRIAL DEMAND

Plaintiff demand trial by jury of all issues so triable as of right.

Dated: January 21, 2022.

                           Respectfully submitted,

By: s/ Tanesha W. Blye
Tanesha W. Blye, Esquire
Fla. Bar No.: 0738158
Email: tblye@saenzanderson.com

R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com

**SAENZ & ANDERSON, PLLC**
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549

*Counsel for Plaintiff*